UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

TIMMOTHY PAUL KEENAN,

        Plaintiff,

v.

PAUL PRUCHA, et al.,

        Defendants.

Case No. 2:05-cv-113

HON. DAVID W. MCKEAGUE

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

    I.    Factual allegations

Plaintiff is presently incarcerated at the Carson City Correctional Facility (DRF). Plaintiff states that during the pertinent time period, he was incarcerated at the Chippewa Correctional Facility (URF). In his *pro se* complaint, he sues URF employees Classification Director Paul Prucha, Librarian Amanda Winnicki, Assistant Librarian Christine M. Henson, Warden Fabian W. Lavigne, Deputy Warden Greg McQuiggin, Acting Deputy Warden Barry Davis, Assistant Deputy Warden John Boynton, Assistant Deputy Warden J. Woods, Assistant Deputy Warden John

Danley, Inspector Ian McDonald, Resident Unit Manager Randall Haas, Resident Unit Manager G. Lemon, Resident Unit Manager M. Perry, Assistant Resident Unit Manager Steven P. Meckstroth, Assistant Resident Unit Manager D. P. Mansfield, Hearing Investigator Dan Durant, Grievance Coordinator Jeff Case, Lieutenant Steven Therrian, Sergeant Altoft, Sergeant D. Colvin, Sergeant Mates, Sergeant John Miller, Corrections Officer T. Beaulieu, Corrections Officer Robert Hansen, Corrections Officer M. Smith, Resident Unit Manager Beseau, Resident Unit Manager Pelton, Resident Unit Manager R. Shubert, and Resident Unit Manager Sindles.  In addition, Plaintiff sues MDOC (Michigan Department of Corrections) officials Director of Prisoner Affairs Michael A. Powell, Director Prisoner Affairs Jim Armstrong, Acting Director Prisoner Affairs Lisa Doe, Hearings Administrator Richard B. Stapleton, Assistant to the Hearings Administrator D. L., Assistant to the Hearings Administrator T. C., Assistant to the Hearings Administrator C. S., and the Director of the MDOC.

Plaintiff claims that Defendants violated his rights under the First, Eighth and Fourteenth Amendments, as well as his rights under state law.  For relief, Plaintiff requests damages and declaratory relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741.  A district

court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances ) (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles*

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

*El*, 215 F.3d at 642. Plaintiff attaches copies of step I grievances against Defendants Winnicki, Henson, Lavigne, Haas, Lemon, Meckstroth, Case, Beaulieu, Hansen, and Beseau. However, Plaintiff fails to attach copies of any step II or III grievances or responses. Nor does Plaintiff make any showing that he filed any grievances on the remaining Defendants.

In addition, it appears from the record that Plaintiff was placed on modified access to the grievance procedure on more than one occasion during the pertinent time period. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (effective April 28, 2003). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ LL. Plaintiff attaches copies of requests for step I grievance forms that he made in an attempt to grieve his placement on modified access. However, Plaintiff fails to attach copies of any other requests for grievance forms, or the responses to such requests.

An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying

to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:      June 24, 2005              /s/ David W. McKeague
                                       DAVID W. MCKEAGUE
                                       UNITED STATES DISTRICT JUDGE